IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUE MENDOZA ZAMUDIO, | No. CV-F-05-899 REC |
| | (No. CR-F-99-5039 REC) |
| Petitioner, | ORDER DENYING PETITIONER'S PETITION FOR REDUCTION IN TERM OF IMPRISONMENT |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On July 12, 2005, petitioner Roque Mendoza Zamudio filed a "Petition for Reduction of Term of Imprisonment", contending that he is entitled to a reduction of his sentence because of the Supreme Court's decisions in <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005), <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Petitioner brings this motion pursuant to 18 U.S.C. § 3582(c)(2) and/or 28 U.S.C. § 2241.

Petitioner pleaded guilty pursuant to a written plea

1

agreement to conspiracy to manufacture, distribute and possess methamphetamine with intent to distribute. The plea agreement provided in pertinent part:

> 2. <u>Agreements by the Defendant</u>.
>
> ...
>
> (d) The defendant waives his right to challenge his sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.
>
> ...
>
> 4. <u>Nature, Elements, Possible Defenses, and Factual Basis</u>.
>
> ...
>
> (c) The defendant will plead guilty because he is in fact guilty of the crime set forth in Count One of the Indictment. The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree (the defendant specifically denies involvement in the manufacturing activities at 46512 BaldPate, Squaw Valley, California):
>
>> Beginning at a time unknown but between January, 1998 and continuing to February 13, 1999, in Fresno County and elsewhere, State and Eastern District of California, the defendant knowingly and intentionally entered into an agreement with other individuals to manufacture methamphetamine. The defendant further agrees that this conspiracy involved more than 500 grams of a mixture containing methamphetamine (or 50 grams of actual methamphetamine).
>>
>> Specifically, the defendant leased

2

    the property located at 10389 E. Shaw Avenue, Clovis, California, intending to use it to make methamphetamine.

    The defendant and other individuals did manufacture methamphetamine at this location.

    Approximately 169 grams of actual methamphetamine was found at this location on February 13, 1999. In addition, one 22-liter vessel (capable of manufacturing approximately 7-8 pounds of methamphetamine was found at that residence. Another 22-liter vessel was found in the garage of the defendant's residence.

    The defendant and government do not agree as to whether the manufacturing activities at the Squaw Valley location were part of this conspiracy or should be treated as relevant conduct in computing the defendant's offense level.

5. <u>Potential Sentence</u>.

The defendant understands that since the offense to which he is pleading guilty occurred after November 1, 1987, a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984 ... The defendant further understands that the Court will impose a sentence within that guideline range, unless the Court finds that there is a basis for departure (either above or below the range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. The following is the maximum potential sentence which the defendant faces:

    (a) Imprisonment.

3

                    Mandatory Minimum: 10 years

                    Maximum: life

Petitioner was sentenced on June 17, 2000 to 135 in custody. Petitioner did not file an appeal.

    Petitioner is not entitled to relief sought by his motion pursuant to Section 3582(c)(2). Petitioner's motion is based on rulings by the United States Supreme Court, not on a "sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*) as required by Section 3582(c)(2). See e.g., United States v. Gudino-Martinez, 2005 WL 1126840 (E.D.Wash. 2005).

    Petitioner cannot proceed in this court pursuant to 28 U.S.C. § 2241. Petitioner contends that

> Section 2255's 'Saving Clause' is applicable here sub judice where Movant did not file a timely Section 2255 Motion. 'Where Section 2255 is inadequate or ineffective to address the issues raised, the "Saving Clause" was incorporated into 2255's stricter conditions under the AEDPA' to allow a challenge to the sentence length under § 2241.

Here, however, petitioner waived his right to challenge his sentence pursuant to Section 2241. Petitioner makes no claim that the waiver in the plea agreement was not knowing and voluntary. Therefore, he cannot rely on Section 2241 to obtain the relief sought by this motion.

    Petitioner contends that he was denied the effective assistance of counsel because of counsel's failure to file an appeal on the ground that the court enhanced petitioner's

4

1  sentencing guideline range under the preponderance of the
2  evidence standard.  In so arguing, petitioner relies on <u>In re
3  Winship</u>, 397 U.S. 358 (1970) and <u>Sullivan v. Louisiana</u>, 508 U.S.
4  275 (1972), contending that these decisions by the Supreme Court
5  made the court's enhancement of his sentence and the Sentencing
6  Guidelines unconstitutional even before <u>Apprendi</u>, <u>Blakely</u>, and
7  <u>Booker</u>.

8      Because a claim of ineffective assistance of counsel cannot
9  be waived by a plea agreement, <u>see</u> <u>United States v. Pruitt</u>, 32
10 F.3d 431, 433 (9th Cir. 1994), the court examines petitioner's
11 claim.

12     As noted, petitioner seeks to proceed pursuant to 28 U.S.C.
13 § 2241 rather than Section 2255.  Petitioner undoubtedly seeks to
14 do so because his claim of ineffective assistance of counsel
15 based on counsel's failure to appeal is barred by the one-year
16 limitation period set forth in 28 U.S.C. § 2255 and petitioner
17 cannot demonstrate that he is entitled to equitable tolling of
18 the limitation period.  However, petitioner's remedy under
19 Section 2255 is not rendered inadequate or ineffective merely
20 because it is barred by the one-year limitation period.  <u>See</u>
21 <u>Moore v. Reno</u>, 185 F.3d 1054 (9th Cir. 1999), <u>cert. denied</u>, 528
22 U.S. 1178 (2000).

23     ACCORDINGLY:

24     1.  Petitioner's Petition for Reduction of Term of
25 Imprisonment is denied.

26     2.  The Clerk of the Court is directed to enter judgment for

5

1  respondent.IT IS SO ORDERED.

2  668554**Dated:  July 13, 2005**          **/s/ Robert E. Coyle**
                                    UNITED STATES DISTRICT JUDGE